IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Linda Anderson Brown, ) | C/A No. 0:11-229-TMC-PJG |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| Michael J. Astrue, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This social security matter is before the court for a Report and Recommendation pursuant to Local Civil Rule 83.VII.02 DSC et seq. The plaintiff, Linda Anderson Brown ("Brown"), brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of a final decision of the defendant, Commissioner of Social Security ("Commissioner"), denying her claim for Disability Insurance Benefits ("DIB"). Having carefully considered the parties' submissions and the applicable law, the court concludes that the Commissioner's decision should be affirmed.

## ADMINISTRATIVE PROCEEDINGS

In July 2008, Brown applied for DIB, alleging disability beginning January 25, 2008. Brown's application was denied initially and upon reconsideration, and she requested a hearing before an administrative law judge ("ALJ"). A hearing was held on April 7, 2010, at which Brown, who was represented by Steve Davis, Esquire, appeared and testified. After hearing testimony from Brown's husband and a vocational expert, the ALJ issued a decision on May 21, 2010 denying benefits and concluding that Brown was not disabled. (Tr. 8-16.)

Brown was fifty-two years old at the time of her alleged disability onset date. (Tr. 14.) She has an eleventh-grade education and past relevant work experience as a machine operator. (Tr. 183, 180.) Brown alleges disability since January 25, 2008 due to arthritis and glaucoma. (Tr. 179.)

The ALJ found as follows:

1.  The claimant meets the insured status requirements of the Social Security Act through June 30, 2012.

2.  The claimant has not engaged in substantial gainful activity since January 25, 2008, the alleged onset date (20 CFR 404.1571 *et seq.*).

3.  The claimant has the following severe impairments: osteoarthritis; glaucoma; and carpal tunnel syndrome (20 CFR 404.1520(c)).
    * * *
4.  The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).
    * * *
5.  After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) with the following: frequent climbing of ramps/stairs, balancing, stooping, kneeling, crouching and crawling and occasional climbing of ladders/ropes/scaffolds. The claimant is restricted from overhead reaching with her left upper extremity and more than frequent handling/fingering bilaterally in a job that requires only occasional near acuity. The claimant is right-handed.
    * * *
6.  The claimant is unable to perform any past relevant work (20 CFR 404.1565).
    * * *
7.  The claimant was born on [REDACTED], 1955 and was 52 years old, which is defined as an individual closely approaching advanced age, on the alleged disability onset date (20 CFR 404.1563).

8.  The claimant has a limited education and is able to communicate in English (20 CFR 404.1564).

9.  Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

    10.    Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569 and 404.1569(a)).

* * *

    11.    The claimant has not been under a disability, as defined in the Social Security Act, from January 25, 2008, through the date of this decision (20 CFR 404.1520(g)).

(Tr. 10-16.) On December 3, 2010, the Appeals Council denied Brown's request for review, making the decision of the ALJ the final action of the Commissioner. (Tr. 1-4.) This action followed.

## SOCIAL SECURITY DISABILITY GENERALLY

Under 42 U.S.C. § 423(d)(1)(A) and (d)(5), as well as pursuant to the regulations formulated by the Commissioner, the plaintiff has the burden of proving disability, which is defined as an "inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. § 404.1505(a); see also Blalock v. Richardson, 483 F.2d 773 (4th Cir. 1973). The regulations require the ALJ to consider, in sequence:

    (1)    whether the claimant is engaged in substantial gainful activity;

    (2)    whether the claimant has a "severe" impairment;

    (3)    whether the claimant has an impairment that meets or equals the requirements of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 ("the Listings"), and is thus presumptively disabled;

    (4)    whether the claimant can perform her past relevant work; and

    (5)    whether the claimant's impairments prevent her from doing any other kind of work.

See 20 C.F.R. § 404.1520(a)(4). If the ALJ can make a determination that a claimant is or is not disabled at any point in this process, review does not proceed to the next step. Id.

Page 3 of 10



Under this analysis, a claimant has the initial burden of showing that she is unable to return to her past relevant work because of her impairments. Once the claimant establishes a *prima facie* case of disability, the burden shifts to the Commissioner. To satisfy this burden, the Commissioner must establish that the claimant has the residual functional capacity, considering the claimant's age, education, work experience, and impairments, to perform alternative jobs that exist in the national economy. 42 U.S.C. § 423(d)(2)(A); see also McLain v. Schweiker, 715 F.2d 866, 868-69 (4th Cir. 1983); Hall v. Harris, 658 F.2d 260, 264-65 (4th Cir. 1981); Wilson v. Califano, 617 F.2d 1050, 1053 (4th Cir. 1980). The Commissioner may carry this burden by obtaining testimony from a vocational expert. Grant v. Schweiker, 699 F.2d 189, 192 (4th Cir. 1983).

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), the court may review the Commissioner's denial of benefits. However, this review is limited to considering whether the Commissioner's findings "are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996); see also 42 U.S.C. § 405(g); Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir. 1987). Thus, the court may review only whether the Commissioner's decision is supported by substantial evidence and whether the correct law was applied. See Myers v. Califano, 611 F.2d 980, 982 (4th Cir. 1980). "Substantial evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion; it consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." Craig, 76 F.3d at 589. In reviewing the evidence, the court may not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." Id. Accordingly, even if the court disagrees with the Commissioner's decision, the court must uphold it if it is supported by substantial evidence. Blalock, 483 F.2d at 775.



**ISSUE**

Brown raises the following issue for judicial review:

I.   The ALJ failed to consider [] Brown's severely constricted visual field in regards to her residual functional capacity.

(Pl.'s Br., ECF No. 15.)

**DISCUSSION**

**A.   Residual Functional Capacity ("RFC")**

An RFC "is the most [a claimant] can still do despite [her] limitations." 20 C.F.R. § 404.1545(a)(1). In assessing RFC, an ALJ should scrutinize "all of the relevant medical and other evidence." See 20 C.F.R. § 404.1545(a)(3); see also SSR 96-8p, 1996 WL 374184 (stating that the assessment must be based on all of the relevant evidence in the record).[1] As stated above, the ALJ noted that Brown is right-handed and found that she retained the RFC

> to perform light work as defined in 20 CFR 404.1567(b) with the following: frequent climbing of ramps/stairs, balancing, stooping, kneeling, crouching and crawling and occasional climbing of ladders/ropes/scaffolds. The claimant is restricted from overhead reaching with her left upper extremity and more than frequent handling/fingering bilaterally in a job that requires only occasional near acuity.

(Tr. 12.)

Brown argues that the ALJ erred in failing to include a visual field restriction in Brown's RFC. In support of her argument, Brown relies on a letter from Dr. David Bang addressed to the South Carolina Commission for the Blind, dated October 20, 2009. This letter stated the following:

---

[1] This evidence includes: medical history, medical signs and laboratory findings, the effects of treatment, including limitations or restrictions imposed by the mechanics of treatment (e.g., frequency of treatment, duration, disruption to routine, side effects of medication), reports of daily activities, lay evidence, recorded observations, medical source statements, effects of symptoms, including pain, that are reasonably attributed to a medically determinable impairment, evidence from attempts to work, need for a structured living environment, and work evaluations, if available. SSR 96-8p, 1996 WL 374184, at *5.



"Ms. Brown was examined in our office on 10/20/09. Testing indicated glaucoma damage much worse in the right eye. Spectacle Rx change improved vision to 20/25 in each eye. Visual field testing shows severe constriction in right eye but minimal damage in her left eye, therefore now [*sic*] low vision aids were indicated at this time." (Tr. 353.)

> The ALJ accounted for the letter in his decision and stated the following:
>
> I also considered the claimant['s] visual impairment by limiting her to work requiring only occasional near acuity. Such consideration is sufficient given that the claimant's visual acuity has been described as 20/25 bilaterally with correction by Dr. Bang in October 2009. Also, he indicated that although the claimant's visual field testing revealed severe constriction in the right eye, she had only minimal damage in the left eye.

(Tr. 14.) The ALJ also noted in discounting Brown's credibility, that although Brown testified that her glaucoma prevented her from driving, cooking, socializing, or attending church, the medical record conflicted with this testimony. For example, the ALJ observed that Brown reported in August 2008 that she continued to drive, cook, clean, perform other light housework, and attend church; and in January 2009 she reported that "she and her husband shared the household cooking duties; that she continued to drive; took care of her hygiene needs; and attended church most Sundays (as well as bible study during the week when she felt like it)." (Tr. 13) (citing Tr. 200, 213). The record also contains treatment notes from Dr. Bang. (See Tr. 303-07, 351.) However, none of these records indicates any additional restrictions, such as from driving, or from performing other activities; nor do they indicate a necessity for low vision aids.

Moreover. based on a review of the ALJ's decision, the parties' arguments, and the record, it does not appear that the ALJ's RFC assessment conflicts with Dr. Bang's opinion. While SSR 83-

14[2] may support Brown's assertion that a "significantly restricted visual field can be a very serious and meaningful visual limitation," Brown has not demonstrated based on the evidence in this case and Dr. Bang's letter that the ALJ erred in failing to impose any functional limitations, especially in light of the fact that there is no credible evidence that Brown is a hazard to herself or others. The court therefore concludes that Brown has failed to demonstrate that the ALJ's decision regarding Brown's RFC is unsupported by substantial evidence or controlled by an error of law.[3]

**B.     Application of the Medical-Vocational Guidelines**

While not listed as an issue in this matter, Brown also argues that the ALJ erred in failing to find Brown disabled in light of the fact that five months after the ALJ's decision Brown reached the age of fifty-five. Brown argues that based on the medical-vocational guidelines, located at 20 C.F.R. Part 404, Subpart P, appendix 2 (the "Grids"), she would be found to be disabled with the ALJ's restriction to light work.[4] Therefore, Brown, relying on 20 C.F.R. § 404.1563, argues that the ALJ should have considered the older age category and found Brown disabled.

The regulations establish particular age categories to consider in combination with an individual's residual functional capacity, including: (1) a younger person (under age 50), (2) a

---

[2] The portion of SSR 83-14 that Brown relies on states:
Where a person has a visual impairment which is not of Listing severity but causes the person to be a hazard to self and others—usually a constriction of visual fields rather than a loss of acuity—the manifestations of tripping over boxes while walking, inability to detect approaching persons or objects, difficulty in walking up and down stairs, etc., will indicate to the decisionmaker that the remaining occupational base is significantly diminished for light work (and medium work as well).
SSR 83-14, 1983 WL 31254, at *5.

[3] In light of this determination, Brown's arguments that the ALJ erred in failing to present a hypothetical question to the vocational expert with additional functional limitations is without merit.

[4] The court observes that it is unclear whether Brown would be found disabled at the age of fifty-five pursuant to the Grids.



person closely approaching advanced age (age 50-54), and (3) a person of advanced age (age 55 or older).  20 C.F.R. § 404.1563(c)-(e).  Section 404.1563(b) instructs claimants that

> [w]hen we make a finding about your ability to do other work under § 404.1520(f)(1), we will use the age categories in paragraphs (c) through (e) of this section. We will use each of the age categories that applies to you during the period for which we must determine if you are disabled. We will not apply the age categories mechanically in a borderline situation. If you are within a few days to a few months of reaching an older age category, and using the older age category would result in a determination or decision that you are disabled, we will consider whether to use the older age category after evaluating the overall impact of all the factors of your case.

20 C.F.R. § 404.1563(b).  However, as argued by the Commissioner, "an ALJ is not *required* to use an older age category, even if the claimant is within a few days or a few months of reaching an older age category."  Lockwood v. Comm'r Soc. Sec. Admin., 616 F.3d 1068, 1071 (9th Cir. 2010) (emphasis in original).  The Lockwood Court found that the ALJ satisfied this requirement by mentioning the claimant's date of birth and age, and by citing to § 404.1563.  Id. at 1071-72.  Similarly, the ALJ in this case mentioned Brown's birthday and cited § 404.1563. (Tr. 14.)  Further, the transcript reveals that Brown's attorney pointed out to the ALJ how close Brown was to reaching the advanced age category in his closing argument.  (Tr. 60.)  Accordingly, the record and the ALJ's decision in this case are sufficient to show that the ALJ was aware that he had discretion to "to use the older age category after evaluating the overall impact of all the factors of [Brown's] case" and declined to do so.  20 C.F.R. § 404.1563(b).  Additionally, like in Lockwood, "the ALJ did not 'apply the age categories mechanically' because the ALJ 'evaluat[ed] the overall impact of all the factors of [Brown's] case' when the ALJ relied on the testimony of a vocational expert before []he found [Brown] was not disabled."  Lockwood, 616 F.3d at 1072 (quoting 20 C.F.R. § 404.1563(b)) (certain alterations in original).



**RECOMMENDATION**

For the foregoing reasons, the court finds that Brown has not shown that the Commissioner's decision was unsupported by substantial evidence or reached through application of an incorrect legal standard. See Craig, 76 F.3d at 589; see also 42 U.S.C. § 405(g); Coffman, 829 F.2d at 517. The court therefore recommends that the Commissioner's decision be affirmed.

／s／ Paige J. Gossett
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

December 5, 2011
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).