IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

|                                            |     |                        |
|--------------------------------------------|-----|------------------------|
| Linda Anderson Brown,                      | )   |                        |
|                                            | )   | C/A No. 0:11-229-TMC   |
|                               Plaintiff,   | )   |                        |
|                                            | )   |                        |
| v.                                         | )   | **OPINION & ORDER**    |
|                                            | )   |                        |
| Michael J. Astrue, Commissioner            | )   |                        |
| of Social Security Administration,         | )   |                        |
|                                            | )   |                        |
|                              Defendant.    | )   |                        |

Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) for judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying her claims for Disability Insurance Benefits ("DIB") under the Social Security Act (the "Act"). This matter is before the court for review of the Magistrate Judge's Report and Recommendation ("Report"), filed on December 5, 2011. (Dkt. # 21).

**Procedural Background**

Plaintiff applied for DIB on July 17, 2008, with an alleged disability onset date of January 25, 2008, due to arthritis and glaucoma. Her application was denied initially and upon reconsideration. An Administrative Law Judge ("ALJ") conducted a hearing on April 7, 2010, and on May 21, 2010, the ALJ denied Plaintiff benefits. Plaintiff sought review of her case by the Appeals Council and on December 3, 2010, the Appeals Council denied her request for review. Plaintiff filed this action seeking review of the Commissioner's decision. The Magistrate Judge to whom this matter was referred filed a Report on December 5, 2011, in which she recommended that the Commissioner's decision be affirmed. (Dkt. # 21).

Plaintiff filed objections on December 22, 2011. (Dkt. # 22). The Commissioner filed

a response to Plaintiff's objections on January 9, 2012. (Dkt. # 24). Accordingly, this matter is now ripe for review.

## Standard of Review

An individual is disabled if she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 416(i)(1). The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Section 405(g) of the Act provides, "the findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . . 42 U.S.C. § 405(g). "Substantial evidence has been defined . . . as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes a de novo review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971). The court must uphold the Commissioner's decision as long as it is supported by substantial evidence. *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). "From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative agency." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that this conclusion is rational." *Vitek*, 438 F. 2d at 1157-58.

The Magistrate Judge's review is made in accordance with 28 U.S .C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). A district court "shall make a de novo determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also Camby v. Davis*, 718 F.2d 198, 200 (4th Cir.1983). "By contrast, in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (*quoting* Fed.R.Civ.P. 72 advisory committee's note). De novo review is also not required "when a party makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir.1982) (citations omitted). The district court need not review issues that are beyond the subject of an objection. *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Camby*, 718 F.2d at 200. Upon careful review of the record, the district court may accept, reject, or modify the findings or recommendations made by the magistrate judge. *Camby*, 718 F.2d at 200.

## DISCUSSION

Because the ALJ found that Plaintiff's impairments did not meet or equal a listed impairment, the ALJ assessed Plaintiff's residual functional capacity ("RFC") to determine what she could do despite her limitations. (R. 12–14). The ALJ determined that while

3

Plaintiff could not perform her past relevant work, she had the RFC to perform light work with the following limitations: no more than frequent climbing of ramps or stairs, balancing, stooping, kneeling, crouching, and crawling; only occasional climbing of ladders, ropes, or scaffolds; no overhead reaching with her left upper extremity; no more than frequent handling or fingering bilaterally; and only occasional near acuity. (R. 12; 14). In determining Plaintiff's RFC in regard to her vision, the ALJ stated:

> I also considered the claimant['s] visual impairment by limiting her to work requiring only occasional near acuity. Such consideration is sufficient given that the claimant's visual acuity has been described as 20/25 bilaterally with correction by Dr. Bang in October 2009. Also, he indicated that although the claimant's visual field testing revealed severe constriction in the right eye, she had only minimal damage in the left eye.

(Tr. 14.)

In her brief, Plaintiff argued that while the ALJ did place a restriction in the RFC in regard to Plaintiff's acuity, the ALJ erred by failing to also address her severely constricted visual field in her right eye. Plaintiff cites to a letter from Dr. David Bang addressed to the South Carolina Commission for the Blind dated October 20, 2009, in which he states:

> [Plaintiff] was examined in our office on 10/20/09. Testing indicated glaucoma damage much worse in the right eye. Spectacle Rx change improved vision to 20/25 in each eye. Visual filed testing shows severe constriction in right eye but minimal damage in her left eye, therefore now (sic) low vision aids were indicated at this time.

(R. 323).

The Magistrate Judge noted that the ALJ discounted Plaintiff's testimony at the hearing in which she stated that her glaucoma prevented her from driving, cooking, socializing, or attending church because it conflicted with the medical record. (Report at 6).

4

The Magistrate Judge stated:

> The ALJ observed that Brown reported in August 2008 that she continued to drive, cook, clean, perform other light housework, and attend church; and in January 2009 she reported that "she and her husband shared the household cooking duties; that she continued to drive; took care of her hygiene needs; and attended church most Sundays (as well as bible study during the week when she felt like it)." (Tr. 13) (citing Tr. 200, 213). The record also contains treatment notes from Dr. Bang. (See Tr. 303-07, 351.)

(Report at 6). In concluding that substantial evidence supports the ALJ's RFC determination, the Magistrate Judge noted that "none of these records indicates any additional restrictions, such as from driving, or from performing other activities; nor do they indicate a necessity for low vision aids." *Id*.

The court agrees with the Magistrate Judge's analysis. As noted above, the only evidence in the record regarding a restricted visual field is Dr. Bang's letter noting Plaintiff had a restricted visual field in her right eye. However, there is no evidence in the record that any limitations were ever placed on Plaintiff due to this condition. Furthermore, as noted by the Magistrate Judge, Plaintiff's testimony regarding her activities do not support finding any limitation due to a restricted visual field. Plaintiff argues that "a significantly restricted visual field can be a very serious and meaningful visual limitation." Plaintiff cites to SSR 83–14, which provides:

> Where a person has a visual impairment which is not of Listing severity but causes the person to be a hazard to self and others—usually a constriction of visual fields rather than a loss of acuity—the manifestations of tripping over boxes while walking, inability to detect approaching persons or objects, difficulty in walking up and down stairs , etc., will indicate to the decisionmaker that the remaining occupational base is significantly diminished for light work.

SSR 83–14.   However, Plaintiff's argument is without merit because there is no evidence

that shows she has had difficulty maneuvering on a daily basis without harming herself or

others, including tripping over things while walking or failing to detect approaching persons

or objects, as described in SSR 83-14. Here, there is simply no evidence of any

manifestations or limitations on Plaintiff based upon her restricted visual field.  Substantial

evidence supports the ALJ's determination of Plaintiff's RFC.

Finally, in her objections, Plaintiff argues the Magistrate Judge erred when she found

that the ALJ did not mechanically apply the age categories of the Medical-Vocational

Guidelines ("the Grids") because the ALJ relied upon the vocational expert's testimony in

finding Plaintiff not disabled. (Objections at 5).[1]   Plaintiff specifically argues that "the

testimony of the vocational expert was flawed in that it did not take into consideration the

constricted field of vision of the claimant."  *Id*.

Plaintiff's argument regarding the vocational expert's testimony being flawed because

it did not include any limitations related to Plaintiff's restricted visual field is without merit.

As discussed above, Plaintiff has not set forth any additional limitations which should have

been included in the hypothetical to the vocational expert, and, furthermore, there is no

---

[1]The grids

> consist of a matrix of the four factors identified by Congress—physical
> ability, age, education, and work experience—and set forth rules that
> identify whether jobs requiring specific combinations of these factors exist
> in significant numbers in the national economy. Where a claimant's
> qualifications correspond to the job requirements identified by a rule, the
> guidelines direct a conclusion as to whether work exists that the claimant
> could perform. If such work exists, the claimant is not considered disabled.

*Heckler v. Campbell*, 461 U.S. 458, 461–62 (1983) (footnotes omitted).

support for any limitations in the record.  Thus, the ALJ did not err and his conclusion that

Plaintiff is not disabled is supported by substantial evidence.

## CONCLUSION

The court concludes that ALJ's findings are supported substantial evidence.

Accordingly, the court adopts the Magistrate Judge's Report and Recommendation and

adopts it herein by reference.  Accordingly, for the reasons set out above and in the Report,

the Commissioner's final decision is **AFFIRMED.**

**IT IS SO ORDERED.**


s/Timothy M. Cain
United States District Judge

January 24, 2012
Greenville, South Carolina